The judgment of the district court will be affirmed.

All the Justices concurring.

---

THE ST. LOUIS, WICHITA & WESTERN RAILWAY COMPANY v. RITZ & PUTNAM.

1. GOODS *Furnished to Sub-Contractor; Liability.* Where a railway company contracts with another railway company for the construction of its road, although no bond is taken by the former company from the corporation with which the contract is made, yet the liability of the first company does not extend to an account for provisions or goods furnished to a sub-contractor. (Comp. Laws 1879, ch. 84, § 35; *Wells v. Mehl*, 25 Kas. 205.)

2. INSTRUCTION, *Misleading.* Where the court in its charge to the jury submits the case on the theory that two distinct and separate railway companies are simply one and the same corporation, designated by two names, and that the contract of one is the contract of both, and the evidence wholly fails to prove any such theory, the instruction is misleading and erroneous.

*Error from Greenwood District Court.*

ACTION by A. J. Ritz and M. C. Putnam, partners as *Ritz & Putnam*, against the *Railway Company*, to recover for goods and supplies furnished. The opinion states the character of the action, and the facts. At the May Term, 1881, of the district court, plaintiffs had judgment against the defendant company, which brings the case to this court.

*John O'Day*, for plaintiff in error.

*Clogston & Fuller*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action by Ritz & Putnam against the St. Louis, Wichita & Western Railway Company, to recover the sum of $281.33 for goods and supplies alleged to have been sold and delivered by them to the employés of Harding & Gilmore, whom they alleged were, at the time of the sale and delivery of the goods, contractors of the company, engaged in the construction of the company's railroad in Greenwood county, in this state. The petition alleged that the company did not take from the contractors a bond as provided for in § 35, ch. 84, Comp. Laws of 1879, to protect persons who supply contractors on railroads with provisions, etc. Upon the trial it was established that a railway corporation, called the St. Louis & San Francisco Railway Company, was organized under the provisions of the General Statutes of Missouri; that this corporation, on the 1st day of October, 1878, and thereafter, owned and operated a railway extending from a point near the city of St. Louis, Missouri, to a point at or near the town of Oswego, in the county of Labette, in this state; that this railway company acquired that part of its railway situated between the eastern boundary line of Kansas and the town of Oswego from the Missouri & Western Railway Company of Kansas; that on the 4th day of February, 1879, the St. Louis, Wichita & Western Railway Company was organized under the provisions of the

General Statutes of Kansas; that this corporation was authorized and empowered to lay out, construct, operate and maintain a railway beginning at a point at or near the town of Oswego, Labette county, in this state, thence westwardly to Wichita, in Sedgwick county, and thence to the western boundary line of the state; that the line of the St. Louis, Wichita & Western Railway, as the same was authorized to be constructed by its articles of incorporation, and the tracks of the St. Louis & Francisco Railway connected and intersected at the town of Oswego; that on the 28th day of July, 1879, the St. Louis, Wichita & Western Railway Company leased all of its railway, constructed and unconstructed, extending from the town of Oswego to the city of Wichita, to the St. Louis & San Francisco Railway Company; that on October 1, 1879, the St. Louis & San Francisco Railway Company let to Harding & Gilmore, contractors, the work of grading and constructing twenty-five miles of the road-bed of the St. Louis, Wichita & Western Railway at certain prices and terms agreed upon; that on the 5th day of October, 1879, Harding & Gilmore sublet a portion of this work to one C. B. Lickliter; that in September and October, 1879, Ritz & Putnam, residing at Fall River, in Greenwood county, and engaged in the dry goods and grocery business, sold to Harding & Gilmore merchandise, consisting of provisions, clothing and like supplies, amounting to $93.60. Of this sum $60 was paid on December 3, 1879. In November and December, 1879, Ritz & Putnam furnished provisions and dry goods upon the order of Lickliter to the men at work for him, amounting in all to $247.73. An account of the goods furnished to Harding & Gilmore in September and October, 1879, was made out against the St. Louis & San Francisco Railway Company by Ritz & Putnam. The account of the goods furnished on orders given by Lickliter was made out by the firm to him. There was also some evidence tending to show that the St. Louis, Wichita & Western Railway Company never did any work on its line, and that it was constructed by the St. Louis & San Francisco

Railway Company under a contract made with the St. Louis, Wichita & Western Railway Company. The court instructed the jury, *inter alia*, " that the only questions for them to consider were, whether Harding & Gilmore were contractors of the St. Louis, Wichita & Western Railway Company at the time the goods and supplies were furnished; and did they authorize the furnishing of the same?" . . . that the plaintiff " contends the defendant and the St. Louis & San Francisco Railway Company are one and the same; simply two names by which the same company is designated, and that whatever is done by one is the act of the other, and that each is the representative of the other." The jury returned a verdict for the plaintiff, assessing his damages at $309.59, and also made the following special findings:

" 1. Did Harding & Gilmore have a contract with the St. Louis, Wichita & Western Railway Company for grading the road-bed? *Ans:* Yes.

" 2. Did Harding & Gilmore have a contract with the St. Louis & San Francisco Railway Company for grading? A. Yes; the company being identical with the St. Louis, Wichita & Western Rld. Co.

" 3. Was the work and grading done by Harding & Gilmore under their contract with the St. Louis & San Francisco Railway Company? A. Yes.

" 4. Was the contract of Harding & Gilmore with the St. Louis & San Francisco Railway Company, offered in evidence, the contract of, or binding on the St. Louis, Wichita & Western Railway Company? A. Yes.

" 5. If you find that Harding & Gilmore had a contract with the St. Louis, Wichita & Western Railway Company for grading its road-bed, then was that contract in writing; and when, and with what officers of that company was it made? A. Yes; sometime in the year 1879, with officers following instructions of the company."

An examination of the evidence introduced convinces us that the last instruction of the court above quoted was misleading and erroneous, owing to the absence of any evidence upon which to found the same; and the special finding of the jury that the St. Louis, Wichita & Western Railway

3 — 30 KAS.

Company and the St. Louis & San Francisco Railway Company are one and the same company, seemingly based upon this erroneous instruction, was also without support. The St. Louis, Wichita & Western Railway Company and the St. Louis & San Francisco Railway Company were separate corporations; the first, organized in Kansas, and the latter organized in Missouri. The several persons who were officers of the St. Louis, Wichita & Western Railway Company became officers of the St. Louis & San Francisco Railway Company, or were officers of both companies at the same time, did not unite, consolidate or cause the companies to be one and the same. Even if Hobart & Condon, of Oswego, who, counsel allege, organized the St. Louis, Wichita & Western Railway Company merely as a matter of speculation, sold and transferred all of its stock to other persons or corporations, that action would not wipe out or obliterate the corporation itself. There is not anything in the evidence proving or tending to prove that the St. Louis, Wichita & Western Railway Company is the successor of the St. Louis & San Francisco Railway Company, or that Harding & Gilmore ever had any contract with the St. Louis, Wichita & Western Railway Company for the construction of its road or any part thereof, unless the St. Louis & San Francisco Railway Company was acting as the agent of the St. Louis, Wichita & Western Railway Company. On the other hand, evidence was offered tending to show that the St. Louis & San Francisco Railway Company was the contractor for the construction of the road of the St. Louis, Wichita & Western Railway Company, and that the contract of Harding & Gilmore to build the road was made with the St. Louis & San Francisco Railway Company; that Harding & Gilmore sublet a part of the work they contracted to do to C. B. Lickliter; also, that the St. Louis & San Francisco Railway Company settled with the contractors. If Harding & Gilmore were contractors under the St. Louis & San Francisco Railway Company, and the said company was not acting as the agent of the St. Louis, Wichita & Western Railway Company, the

said St. Louis, Wichita & Western Railway Company was not liable for the supplies furnished to and under a contract with the sub-contractors. (Comp. Laws 1879, ch. 84, p. 785, § 35; Laws of 1872, ch. 136, § 1; *Wells v. Mehl,* 25 Kas. 205.)

If this were an action to dissolve the St. Louis, Wichita & Western Railway Company for misuser or non-user, a part of the argument of counsel for defendants in error, and a portion of the evidence commented on by them, might be pertinent; but in view of the misleading and erroneous direction to the jury, we are compelled to set aside the judgment.

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.