A. T. & S. F. Rld. Co. v. Davis.

THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. J. C. DAVIS.

RAILROADS; *Auxiliary Company, not Agent of Parent Company.* Where a great railroad company, operating a long line of road in the state, aids, as stockholder or bondholder, or as the guarantor of bonds, another railroad company in constructing its road, under the provisions of chapter 105, Laws of 1873, such auxiliary company does not become, on account of such aid, the servant or agent of the parent company; and the parent company is not, on account of being such stockholder or bondholder, or guarantor of bonds, responsible for the negligence or other default of the auxiliary company in constructing its road in its own name.

| 34 | 209 |
|----|-----|
| 41 | 78 |
| 34 | 209 |
| 43 | 234 |
| 34 | 209 |
| 60 | 19 |
| 34 | 209 |
| 75 | 769 |
| 34 | 209 |
| 81 | 615 |

*Motion for Rehearing.*

PLAINTIFF in error filed a motion for a rehearing of the above case, which motion the court heard during its session in December, 1885, and then filed the opinion, *infra.*

The opinion of the court was delivered by

HORTON, C. J.: We have reëxamined the instructions of the trial court, and are now convinced that the same may have operated to the prejudice of the railroad company. Among other things, the court charged the jury that—

"The mere fact that the same men were officers of the defendant company, and also of the Wichita & Western Railroad Company, is not sufficient evidence to justify a finding that the two companies were one and the same; and if the evidence shows that the Wichita & Western Railroad Company was a corporation duly created and organized under the laws of Kansas, and that the injuries to plaintiff were caused by the negligence of its servants in the management of its business, you cannot find defendant liable for such negligence.

"But the last instruction must be considered with this qualification: That what is true of individuals, is also true of corporations in this respect: '*That one may be the servant of the other,*' and the servants of the one may be under the control and direction of the other."

Within the terms of this instruction, the jury were informed that the Wichita & Western Railroad Company, at the time

14—34 KAS.

of the injury complained of, might have been the servant or agent of the Atchison, Topeka & Santa Fé Railroad Company in the construction of its road.   Upon the former hearing of this case this matter was referred to in the brief, and upon re-argument has been very forcibly pressed again upon our attention.   It is true that under some circumstances one railroad may be the servant or agent of another; thus, a railroad has the power as a common carrier to make a connecting railroad or carrier its servant or agent in the transportation of goods, and it may thereby become responsible for the negligence or other default of such servant or agent; but this principle is wholly foreign to this case.   It was, however, wrongly injected into the case by the instruction of the court.   The Santa Fé Company had no authority in its own name to construct a railroad from Wichita to Kingman.   To have done so would have been acting *ultra vires*.   That corporation had the power to purchase and hold the stock and bonds of the Wichita & Western Railroad Company, or to guarantee the payment of the principal and interest of the bonds of that company, and thereby, as a stockholder or bondholder, or as a guarantor of the bonds, to aid that company to construct its road; but by so doing the Santa Fé Company did not make the Wichita & Western Company its servant or agent, and did not thereby make itself responsible for the negligence or other default of the Wichita & Western Company. ( Laws of 1873, ch. 105; § 2, art. 12, Const. of Kas.; Comp. Laws of 1879, ch. 23, § 32.)

Even if the Wichita & Western Company were the special agent of the Santa Fé Company in the transportation of goods, the Santa Fé Company would not be liable for injuries to employés of the Wichita & Western Company caused by the negligence of that company in operating its road..  In the nature of things, under the statute and the facts of this case, the Wichita & Western Company, as a company, could not be the general agent of the Santa Fé Company in the construction of its road, if such construction was carried on in its own name after the filing of its charter.   We are not to assume, in the

absence of proof, that the directors or other officers of the Santa Fé Company in their arrangements for the construction of the Wichita & Western Railroad Company engaged in transactions or incurred liabilities prohibited by the Santa Fé charter; nor are we to infer, in the absence of evidence, that they were acting contrary to the purposes for which that corporation was created. Therefore after the charter of the Wichita & Western Railroad Company had been filed, all the presumptions are that whatever the Santa Fé Company did toward the construction of the road from Wichita to Kingman, was done under and in accordance with the provisions of the statute, either as a stockholder or bondholder, or the guarantor of bonds, of the Wichita & Western Company. The vice in the instruction excepted to consists in permitting the jury to find that at the time of the injury complained of, the Wichita & Western Railroad Company might have been the servant of the Santa Fé Company. This qualification or addition to the instruction should have been omitted.

We have carefully examined *Bridge Co. v. Woolley*, 78 Ky. 523, but that case is easily distinguishable from this. In that case, the states of Kentucky and Ohio had each created a corporation, which was given the same name. The object was to construct a bridge across the Ohio river between Newport and Cincinnati. The corporations entered into a written contract to run the business connected with the use of the bridge; and it was held that the employment by the Kentucky corporation of an attorney to attend to the joint interests of the corporations was binding on both corporations.

In our former opinion we assumed the general doctrine that one railroad company might be the servant or agent of another, to have application in this case. This declaration we now correct, as this doctrine has no application to the facts disclosed upon the trial. Where a parent company, operating a long line of road in the state, takes the necessary steps to construct an auxiliary railroad for the purpose of a local line in the name of another company, and in strictly pursuing the provisions of the statute

*Auxiliary railroad company, not agent of parent company.*

merely furnishes aid as a stockholder or bondholder, or a guarantor of bonds, to the auxiliary company, and such auxiliary company constructs its road in its own name, it is not the servant or agent in such construction, of the parent company; and the parent company is not, on account of being a stockholder or bondholder, or guarantor of bonds, of the auxiliary company, responsible for the negligence or other default of the auxiliary company in constructing its road in its own name.

The syllabus of the former opinion will be qualified accordingly.

The motion for a re-hearing is allowed. The judgment heretofore rendered in this court will be set aside, and the judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.