THE SOUTHERN KANSAS RAILWAY COMPANY v. JOHN D. BROWN.

COURT *May Correct Clerical Errors.* Where one of the parties is improperly designated by the clerk in entering a judgment, it is competent for the court at a subsequent term to correct the entry so that it shall correspond with the name stated in the pleadings, and with the judgment actually rendered.

*Error from Sumner District Court.*

THE case is stated in the opinion.

*W. P. Hackney,* for plaintiff in error.

*J. S. Dey,* and *James Lawrence,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The plaintiff in error asks a review and reversal of an order of the district court of Sumner county, correcting an entry of judgment in a foreclosure proceeding.

James H. Luckey and wife were the owners of a tract of land in Sumner county, and in April, 1878, they gave a mortgage thereon to secure the payment of $300. In January, 1880, they gave a second mortgage to John D. Brown, to secure the payment of $203.75. Afterward, on June 16, 1880, they conveyed a strip of land through the tract to the Southern Kansas & Western Railroad Company, for a projected railroad. Default having been made in the payment of the claims secured by the mortgages, foreclosure actions were begun in 1881 by J. K. O. Sherwood, the owner of the first-named mortgage, and by John D. Brown, the owner of the second mortgage. These actions were consolidated, and the Southern Kansas & Western Railroad Company was made one of the defendants, and in its answer it set up the conveyance by Luckey and wife to itself of a right-of-way across the land, and asked "that if a judgment of foreclosure is made herein in favor of plaintiff, and the sale of the premises covered by the mortgage described in the petition, to sat-

isfy such judgment, be had, the officer making the same be directed and required by this court to first sell that part of said property not covered by this defendant's deed herein described." On April 12, 1882, a decree of foreclosure was rendered, in which it was found that there was due to Sherwood the sum of $405.86, which was a first lien upon the land, and to Brown the sum of $277.60; and the premises were ordered to be sold, excepting so much of the same as was included in the right-of-way of the railroad company; and that in case the proceeds were insufficient to satisfy the judgment, the right-of-way of the railroad company should be sold. The property was sold, in pursuance to the judgment, on April 7, 1883, for the sum of $491, which sale was subsequently confirmed, and an order of sale against the right-of-way of the railroad company was granted, to satisfy the balance remaining unpaid upon the judgment. On December 27, 1883, John D. Brown filed a motion for an order correcting the journal entry in the foreclosure proceeding, alleging that there had been a mistake made in entering the name of the railroad company, it having been designated as "The Sumner, Cowley & Western Railroad Company," instead of "The Southern Kansas & Western Railroad Company." The plaintiff in error appeared in opposition to this motion, and the court, after hearing testimony, granted the motion, and corrected the entry.

The court possessed ample power to correct the entry so that it should correspond with the judgment actually rendered. If the company was improperly designated by the clerk in entering the judgment, it was competent for the court even at a subsequent term to make the correction. (*Tobie v. Comm'rs of Brown Co.*, 20 Kas. 14; *Small v. Douthitt,* 1 id. 335; *Clevenger v. Hansen,* ante, p. 182; same case, 24 Pac. Rep. 61; Civil Code, §568.) The change did not involve the correction of any judicial error, but simply a mistake of the clerk. The corrected name was one by which the company was designated in the pleading, and the one under which it answered. The name occurs twice in the judgment entry,

and even these names are unlike, and neither corresponds with the name stated in the pleadings. In the order of the court confirming the sale, however, the correct designation is given, or at least it corresponds with that mentioned in the pleadings. If there was power in the court under the pleadings and motions to make the correction, the plaintiff in error is concluded.

The company claims that the evidence given at the hearing did not warrant the action of the court; but as it cannot be said that the evidence is all preserved in the record, that question is not before us. There is no statement outside of the certificate of the judge attached to the case-made, that it contains all the evidence, and hence the sufficiency of the evidence cannot be considered. (*Eddy v. Weaver*, 37 Kas. 540; *Hogue v. Mackey*, ante, p. 277; same case, 24 Pac. Rep. 477, and cases cited.) An examination of that which is preserved satisfies us that the order was rightly made, and that no injustice was done.

Judgment affirmed.

All the Justices concurring.