THE WESTERN IRRIGATION AND LAND COMPANY v.
OLIVE J. CHAPMAN.

### No. 276.

1. IRRIGATION—*Duty of Company*—*Rights of Consumer.* Under
the provisions of section 1, article 2, chapter 133, Laws of 1891
(Gen. Stat. 1897, ch. 79, § 10), the owner of an irrigating canal is
bound, provided he has water sufficient for the purpose, to admit
a prior purchaser to its use and enjoyment on his payment or
tender of the proper price therefor, provided the right thereto has
not been forfeited, and mere change of ownership of the irrigat-
ing canal does not divest such right.

2. ———— *Failure to Supply Water*—*Action for Damages.* In
an action against an irrigation company to recover damages for
failure to supply the plaintiff with water for irrigation purposes,
it was admitted that demand was not made on the company for
water until July 29, but in its instructions the court proceeded on
the theory that the company was liable for whatever loss to crops
the plaintiff had suffered during the year in which the demand
was made. *Held*, error.

Error from Kearny district court; WM. EASTON
HUTCHISON, judge. Opinion filed May 16, 1899.
Reversed.

*Fuller & Whitcomb*, and *H. F. Mason*, for plaintiff in
error.

*M. G. Kelso*, and *A. J. Hoskinson*, for defendant in
error.

The opinion of the court was delivered by

MILTON, J.: This action was commenced on August
20, 1894, by Olive J. Chapman to recover the sum of
$5000 as damages resulting from the failure of the
plaintiff in error, defendant below, upon demand, to
supply the plaintiff with water for irrigation purposes
in the years 1891 to 1894, inclusive. The petition al-
leged that in the year 1891 and thereafter the de-

fendant, as the successor of the Western Irrigation Company, owned and was using an irrigating canal and laterals in Kearny county for carrying water appropriated from the Arkansas river, and that it was selling such water for irrigation purposes. The defendant pleaded that it was impracticable to furnish water to plaintiff's land through the lateral leading thereto from the canal, and that the lateral had been abandoned before the defendant had acquired the ditch property. Trial by jury resulted in a verdict and judgment for plaintiff in the sum of $418.18.

The plaintiff's cause of action is based on the provisions of section 1, article 2, chapter 133, Laws of 1891 (Gen. Stat. 1897, ch. 79, § 10). That chapter is a comprehensive act covering the whole subject of irrigation.

The first paragraph of the section referred to reads :

"Any person having by lease, purchase, or agreement, written or oral, procured from any carrier water for irrigation of land or for other uses whatsoever, and having actually applied such water to beneficial uses, shall thereafter in every year, upon payment of a reasonable rate therefor prescribed by the county commissioners (or if no such rate hath been prescribed, then at a reasonable rate and price, not exceeding that at which such carrier hath been wont to supply to others), be entitled to continue in the enjoyment of water from the works of such carrier to the same amount."

The plaintiff below claimed to have procured from the Western Irrigation Company, in 1889 and 1890, sufficient water to irrigate forty acres of land, under a written contract in 1889 and an oral agreement in 1890, and that on July 29, 1891, she made a written demand on the defendant to furnish water sufficient to irrigate the same land, and accompanied such de-

mand with a tender of forty-five dollars, the same being part payment for water in each of the two preceding years, and that defendant refused to comply with such demand.   The written contract was produced in evidence.   There is practically no evidence in the record concerning the alleged oral agreement referred to above.   The plaintiff introduced testimony tending to show that injury had been suffered from the failure of the water-supply in each of the years 1891 to 1894, inclusive.   The only demand for water proved to have been made by the plaintiff was that of July 29, 1891. The court in its instructions limited the controversy to the alleged damages suffered in 1891.   It appears from the evidence that the defendant, when it took possession of the irrigating ditches, in the spring of 1891, found it necessary to lengthen the main canal about one-half mile at the upper end, to build a dam across the river, and to make other changes in its ditch system, and that on account of such work it did not contract with water users during the year 1891. It also appears that, in order to obtain a flow of water into the Chapman lateral, it had been necessary to place a dam in the canal, and that the deposit of sediment above such dam was an injury to the canal. None of these matters received mention in the instructions.

Considering now the propositions discussed by counsel, we think the section of the statute quoted above is retrospective, and that it was intentionally so made by the legislature in order to preserve the rights of water consumers who were dependent on some irrigating canal.   The legislature certainly intended to provide a system of laws governing the relation of carriers and consumers of water used for irrigation purposes.   Incident to the ownership of the canal in

question were the existing rights of water consumers along that canal and its laterals.   It was clearly the intention of the legislature to protect the rights of such persons as had theretofore been accustomed to use water from irrigating canals for agricultural purposes.   We think the language employed by the supreme court of Colorado in the case of *Golden Canal Co. v. Bright*, 8 Colo. 144, 6 Pac. 142, is applicable here :

"The owner of an irrigating ditch, under the statute, is bound, provided he has water sufficient for the purpose, to admit a prior purchaser to its use and enjoyment on his payment or tender of the proper price therefor, provided the right thereto has not been forfeited."

As already intimated, it is difficult to find in the record evidence tending to prove the oral agreement, alleged to have been made in 1890, respecting a supply of water for that year.   That fact was an essential element of plaintiff's case.

The court in its instructions overlooked the facts hereinbefore stated in respect to the necessary work which was done by the defendant company in the year 1891.   It had the undoubted right to put its canal system into proper working order, and to do so it was entitled to a reasonable time in which to perform the necessary work of improvement.   Whatever loss resulted to the plaintiff during such time could not properly be charged against the defendant.   Even if the canal had been in operation, the defendant would not have been entitled to receive water therefrom until after the date of the demand and tender.   It follows that whatever damage the plaintiff suffered from lack of water prior to that date was not the fault of the irrigation company.   The instructions proceed on the

theory that the company was liable for the entire loss for the year 1891.

In view of the foregoing, we have reached the conclusion that the plaintiff in error is entitled to a new trial, and to that end the judgment of the district court will be reversed.