OLIVE J. CHAPMAN v. THE WESTERN IRRIGATION COMPANY.

No. 15,039   (90 Pac. 284.)

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Amendment.* During the term at which a judgment is rendered the court has power to amend it, in either form or substance, to the extent that the facts may warrant and justice require.

2. ———— *Same.* After that time mistakes in descriptions and names of parties may be corrected, and the record of the judgment may be changed and corrected in other respects in conformance with the decision originally made, but when the term expires the judgment actually rendered must stand until it is vacated or set aside in a proceeding brought for that purpose.

3. ———— *Substitution of Parties after the Term Has Expired.* After the expiration of the term a judgment rendered against one defendant cannot be modified by substituting another corporation as defendant and entering judgment against it under the guise of an amendment.

Error from Kearny district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed May 11, 1907. Affirmed.

*Brown & Brown,* for plaintiff in error.

*E. R. Thorpe, W. R. Hopkins,* and *R. J. Hopkins,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: The basis of this proceeding is the denial of a motion asking that a judgment rendered against one corporation be modified by entering it against another corporation. The history of the litigation, briefly stated, is that on August 20, 1894, Olive J. Chapman obtained a judgment against the Western Irrigation and Land Company in the sum of $418.18, as damages for failing to supply water for irrigation purposes. This judgment was reversed by the court of appeals on May 16, 1899, and remanded for a new trial. (*Irrigation Co. v. Chapman,* 8 Kan. App. 778, 59 Pac. 1098.)

The cause was again tried on January 25, 1900, and a judgment rendered in favor of the plaintiff for $543.94. Several executions were issued on the judgment against the Western Irrigation and Land Company, which were returned unsatisfied, and later proceedings were brought by the plaintiff against the stockholders of that company to enforce their individual liabilities for the debts of the company, but on the plaintiff's own motion these proceedings were dismissed on January 26, 1904. On the same day the plaintiff filed another motion, in which she alleged that the Western Irrigation and Land Company owned certain real estate in Lakin, Kan., and she asked that it be subjected to the payment of her judgment and to that end the company be enjoined from transferring the property, and, further, that a receiver be appointed to preserve it and protect the rents therefrom. On April 2, 1904, a temporary order of injunction was allowed and the sheriff was appointed as receiver to take charge of the property. On that day the Western Irrigation Company intervened and represented

that it owned the real estate sought to be taken as the property of the Western Irrigation and Land Company. In reply to the interplea the plaintiff alleged that no such corporation existed as the Western Irrigation Company; that there was once such a corporation but that it had forfeited its rights; that the Western Irrigation and Land Company was its successor, and was then the owner of the property of the first company, and, further, that the two companies were composed of the same persons and parties. On December 22, 1904, the receiver was discharged.

On June 30, 1905, a hearing was had upon the issues joined upon the interplea of the Western Irrigation Company, involving the ownership of the real estate, but before it was concluded the plaintiff asked and obtained a postponement and permission to amend her application in the case. Following this, and on April 5, 1905, she filed what is designated as an amended application to enforce her judgment. In this she substantially alleged that the judgment in the case was taken against the Western Irrigation and Land Company through ignorance and misapprehension of plaintiff, occasioned by the Western Irrigation Company and its stockholders; that the officers and stockholders of the Western Irrigation Company organized the Western Irrigation and Land Company and procured that company to be held out as a subsisting corporation, but that its shares of stock were held by the Western Irrigation Company, through one O. S. Kelly, at the time that plaintiff's damages accrued. She therefore asked that the judgment formerly rendered against the Western Irrigation and Land Company be entered against the Western Irrigation Company and that execution be issued against the property of the latter company. A demurrer to this plea was filed, which the court sustained, and of this order the plaintiff complains.

The court rightly refused to substitute one defendant for another in the judgment in this summary way.

For convenience the corporation against whom the judgment was rendered will be designated as the land company and the corporation sought to be substituted as the irrigation company.

As will be observed, it was not a case of misnomer, or defective designation, but a proposed substitution of defendants more than five years after the judgment had been rendered. It was not a correction of a clerical error, nor to make the judgment conform to one actually rendered, but under the name of an amendment the court was asked to introduce the name of a new defendant into the judgment in lieu of the one against whom the judgment was actually rendered. It is well settled that mistakes in the description or names of parties may be corrected even after judgment, so as to carry out the actual decision that was made (*S. K. Rly. Co. v. Brown*, 44 Kan. 681, 24 Pac. 1100), but a new decision or a substantial change in the judgment cannot be made after the term expires under the guise of an amendment. (23 Cyc. 868.) It is within the power and discretion of the court substantially to modify a judgment, providing it is done at the term at which the judgment was rendered and the parties are still before the court; but when the term ends the judgment actually rendered must stand until it is vacated or set aside in the manner prescribed by law. (*The State, ex rel., v. Sowders*, 42 Kan. 312, 22 Pac. 425; *Johnson v. Jones*, 58 Kan. 745, 51 Pac. 224.)

Here there was no confusion of names nor inadvertence in rendering the judgment against the land company. The organization of both corporations was set forth in the plaintiff's pleadings and they were recognized throughout the litigation as separate entities. In her petition she alleged the existence of the irrigation company and stated that the land company became its successor in a certain enterprise, and set up a cause of action against the latter company. The irrigation company was not made a party to the ac-

tion, no cause of action was alleged against it, nor was there ever any purpose of rendering a judgment against that company. The judgment pronounced was within the pleadings of the case and just such a judgment as the court was asked to render. Plaintiff is asking to have the judgment corrected so as to make it show what she thinks should have been done but which in fact was not done, and this in a summary way, five years after the expiration of the term at which the judgment was rendered.

She contends that the land company is a creature of the irrigation company and that the latter is masquerading in the name of the former. It is also alleged that the irrigation company is the real party in interest; that all of the stock of the land company is held by a representative of the irrigation company and that the land company is not a legal corporation. ·She is hardly in a position to make this contention, for it was alleged by her and adjudicated in the judgment that the land company was a duly organized and existing corporation. In her pleadings she set forth the organization of the land company and the issuance of the stock by the corporation, as well as corporate acts done and the exercise of corporate functions. It is possible for one corporation to own the stock of another, but even if the land company, which was chartered and assumed to exercise powers and privileges, was not legally organized, the legality of its existence cannot be determined in this proceeding. The general rule is that the existence of a *de facto* corporation can be questioned only by the state in a direct proceeding, brought for that purpose. Nor does the fact stated, if it be one, that both companies had common officers and stockholders, necessarily indicate that they constitute a single corporation, or could not legally contract with each other. (*St. L. W. & W. Rly. Co. v. Ritz,* 30 Kan. 30, 1 Pac. 27; *A. T. & S. F. Rld. Co. v. Davis,* 34 Kan. 209, 8 Pac. 530; *Bank v. Prescott,* 60 Kan. 490, 57 Pac. 121.)

In general terms the plaintiff alleged that the irrigation company was fraudulently wearing the cloak of the land company, but if fraud is to be made the basis of relief, and a liability established against a new defendant, it should be fully pleaded and issues directly tendered in a proper action. It cannot be summarily accomplished on a motion to amend a judgment rendered against another party. By her pleadings and acts plaintiff has treated the corporations as separate entities, and she is not in a good position now to say that they are not, nor to insist that the land company, which was adjudged on her own allegation to be an existing corporation, is not one.

The judgment of the district court is affirmed.

GREENE, BURCH, SMITH, PORTER, GRAVES, JJ., concurring.

MASON, J., not sitting.