THE MISSOURI PACIFIC RAILWAY COMPANY V.
A. C. BERRY.

No. 14,889.   ( 98 Pac. 204 )

PRACTICE, DISTRICT COURT—*Vacation of Judgment—Dismissal Without Prejudice.* After a demurrer to plaintiff's evidence was sustained, the jury discharged, a new trial denied, and judgment rendered against plaintiff, the court had the power during the term to vacate the judgment, allow plaintiff's motion to dismiss without prejudice, and render a new judgment against him for costs.

Error from Coffey district court; FREDERICK A. MECKEL, judge. Opinion filed November 7, 1908. Affirmed.

*Waggener, Doster & Orr,* for plaintiff in error.

*J. D. Frazier,* and *W. W. Brown,* for defendant in error.

*Per Curiam:* This action was brought by the defendant in error against the railway company to recover damages for personal injuries. Issues were joined and a trial was had before a jury in January, 1906, in the district court of Coffey county. After the plaintiff had introduced his evidence the defendant demurred thereto. The demurrer was sustained, and the jury dis-

charged. In due time the plaintiff filed a motion for a new trial, which was heard and denied by the court, and judgment was rendered against the plaintiff for costs. Thereafter, at the same term of court, upon the motion of the plaintiff to dismiss the action without prejudice to a future action, the court vacated the judgment, allowed the plaintiff's motion to dismiss without prejudice, and rendered a new judgment against the plaintiff for the amount of the costs.

The bill of exceptions brought up does not disclose the evidence, if any, upon which the final action of the court was based. The court may have concluded, on reconsideration thereof, that it had erred in sustaining the demurrer to plaintiff's evidence, or that it had erred in denying the plaintiff's motion for a new trial. As to the reason which actuated the court we are left only to conjecture. That the court had full power during the term at which it was rendered to vacate the judgment, if it considered an injustice had been done, is well established by the decisions of this and other courts. And if the court concluded that it had erroneously denied the motion for a new trial it could have vacated the order as well as the judgment, and thereupon it could have allowed the plaintiff's motion to dismiss the action without prejudice. This would, perhaps, have been the more orderly method of procedure. The same result, however, was attained.

It is sufficient to say that the bill of exceptions brought here does not affirmatively show error in the proceedings, and the orders of the court are therefore affirmed.