THE STATE OF KANSAS, *Appellee*, v. WILLIAM S. HARGIS, *Appellant*.

No. 17,190.

SYLLABUS BY THE COURT.

1. DISTRICT COURT—*Term—Duration.* A term of the district court, having been regularly convened, continues until there is a final adjournment of the court *sine die* or the term ends by the expiration of the period fixed by the statute.

2. ——— *Adjournment by Judge Pro Tem.—Death of Regular Judge—Term.* Where at the time appointed for a term of court to begin the regular district judge is absent, and a judge *pro tem.* is duly elected and qualifies and adjourns court to a future day of the term, and before that day arrives the regular judge dies and his successor is not appointed until after the day to which the court was adjourned by such *pro tem.* judge, the term will not lapse by the death of the regular judge, and his successor may convene court at any time before the term expires by law.

Appeal from Cloud district court. Opinion filed February 11, 1911. Affirmed.

*F. W. Sturges,* and *Fred W. Sturges, jr.,* for the appellant.

*Fred S. Jackson,* attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *A. L. Wilmoth,* county attorney, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant appeals from a judgment of conviction under the prohibitory liquor law.

The principal claim of error, and indeed the only one which requires discussion, is that the court had no jurisdiction to try him for the offense charged at the time it did, because the regular term of the court had lapsed or been adjourned and the trial was not held at a regular or special term. The regular term commenced on the first Monday in April, according to section 2420 of the General Statutes of 1909 (Laws 1909, ch. 111, § 1). This was April 4, 1910. On that day the judge of the district court, the Honorable W. T. Dillon, was absent by reason of sickness. Court convened by order of the sheriff, and C. W. Van de Mark was elected judge *pro tem.* and took the usual oath of office. Acting as judge *pro tem.,* he adjourned court to April 12. On April 7 Judge Dillon died. On April 12 the sheriff adjourned court until April 13. On April 13 the Honorable John C. Hogin was appointed judge of the district. He qualified on April 14, and on that day opened court and adjourned the same until the 16th, at which time court was again convened and this cause tried.

The statutory provision for the election of judges *pro tem.* is as follows:

"A judge *pro tem.* of the district court may be selected in the following cases: First, when the judge shall be sick or absent at the commencement of the

term; second, when the judge shall be sick or absent himself during or at the close of any term before all the cases pending in the court at the commencement of the term shall have been reached for trial; third, when the judge is interested or has been of counsel in the case or subject matter thereof, or is related to either of the parties, or otherwise disqualified to sit; provided, this act shall not apply to any case now pending. (Laws 1901, ch. 151, § 1, Gen. Stat. 1909, § 2394.)

·"Such selection shall be made by the members of the bar present, and shall be by ballot, under the direction of the judge, or, in his absence, of the clerk. The parties, or their attorneys, in any case, may select a judge to sit in such case." (Gen. Stat. 1868, ch. 28, § 5, Gen. Stat. 1909, § 2395.)

The claim is made that Judge Van de Mark was not elected as the regular judge *pro tem.*, because he was elected upon a motion that "the bar proceed to elect a judge *pro tem.* for the purpose of considering all matters wherein all parties consent to the trial thereof"; that his election being for certain, special purposes only, he possessed none of the powers of a regular judge *pro tem.* This contention can not be sustained. He was clearly elected judge *pro tem.* under the first clause of section 2394, *supra*: "First, when the judge shall be sick or absent at the commencement of the term." Section 2397 (Gen. Stat. 1868, ch. 28, § 7) of the same statute provides that the judge *pro tem.* shall take and subscribe the same oath as required to be taken by the regular judge, and that the oath and a minute of the proceedings shall be entered upon the journal of the court. The judge *pro tem.* in this case took and subscribed to that kind of an oath. Section 2398 declares:

"The judge *pro tem.* shall have the same power and authority as the regular judge, while holding court, and in respect to cases tried before him, or in which he may have been selected to act." (Gen. Stat. 1868, ch. 28, § 8.)

The expression "while holding court" limits his authority to act as judge to such time as the court shall be in session.    After the court adjourns he no longer possesses the authority of a judge *pro tem.*

On the day that Judge Van de Mark was elected, and after he had taken and subscribed to the oath as judge *pro tem.*, he adjourned court until the 12th day of April.   He had the same authority to adjourn court that the regular district judge would have had, so that, up to this time, there was no lapse of the term. It is contended, however, that the sheriff had no authority to act on the 12th day of April, because his power to adjourn court from day to day is expressly limited to cases where the judge fails to attend at the commencement of the term, and that in order to act at all the sheriff must act within two days from the time the term was appointed to begin.   This contention is sound. Section 744 of the civil code provides:

"If the judge of a court fail to attend at the time and place appointed for holding his court, the sheriff shall have power to adjourn the court from day to day, until the judge attend or a judge *pro tem.* be selected; but if the judge be not present in his court, nor a judge *pro tem.* be selected, within two days after the first day of the term, then the court shall stand adjourned for the term."

It is the manifest purpose to limit the sheriff's authority to adjourn court to the first two days of the regular term, and he can only act where the judge has failed to attend at the time appointed for the term to begin and where a judge *pro tem.* has not been selected. (*Union Pacific R. Co. v. Hand,* 7 Kan. 380.)    But we may entirely ignore the action of the sheriff in adjourning the court from day to day and concede that he had no authority to act in the matter.   A judge *pro tem.*, regularly chosen under the provisions of the statute, with all the power and authority of the regular district judge, adjourned court from the first day of the term

until the 12th day of April. If, when the regular term commenced, on April 4, the judge of the court for any reason was not present, the term could only lapse by both the failure to elect a judge *pro tem.* and the omission of the sheriff to adjourn the court from day to day. After the term of court was regularly commenced and kept alive by the election of a judge *pro tem.* it continued until there was an adjournment *sine die,* or until the expiration of the term established by law. The case of *Union Pacific R. Co. v. Hand,* supra, was one where a verdict was returned and entered on Saturday, the 5th of December, and at the close of the day the court adjourned to Monday, the 7th, but neither on Monday, the 7th, nor Tuesday, the 8th, was there any court held, because the district judge was absent. On both the days last named the court was adjourned by the sheriff because of the absence of the judge, who was detained by a severe storm. It was held that the section authorizing the sheriff to adjourn court from day to day refers only to the beginning of a term, and that his action in adjourning the court afterward was simply a nullity. In the opinion Mr. Chief Justice Kingman, speaking for the court, said:

"Yet we do not think that the term was lost by the adjournment of the court on Saturday till Monday, and its not convening till Wednesday. The term of the court is fixed by law. Having once opened, it so continues till the term expires, or an adjournment *sine die* is made. The adjournment from day to day does not suspend its functions. After the court has adjourned for the day, it is a common practice for grand juries to continue their sessions, swear witnesses, pursue their investigations, and find bills; and petit juries frequently remain out all night in deliberation, and make up their verdicts, while the journal shows that the court has adjourned. Each of these juries is part of the court, performing important functions; and the court is always in session in fact, so that it can protect the juries and enforce proper conduct on their part. 'For all general purposes the court is considered as in

The State v. Hargis.

session from the commencement till the close of its term.' (*Barrett v. The State,* 1 Wis. 175.) . . . There is an evident purpose on the part of courts to so construe the law, if possible, as will uphold the sessions of courts actually doing business. (See *Womack v. Womack,* 17 Tex. 1; *Cook v. Skelton,* 20 Ill. 107; *Jones v. State,* 11 Ind. 357.)" (7 Kan. 387, 388.)

In *The State v. Bohan,* 19 Kan. 28, it was held:

"Where the February term of the district court was continued to the 24th of May next thereafter, and the court did not convene on the said 24th pursuant to adjournment, the court is legally open until it adjourns *sine die,* or expires by law." (Syl. ¶ 3.)

Again, in *The State v. Palmer,* 40 Kan. 474, 478, a judge *pro tem.* was selected on June 4, 1888, to take charge of a certain, particular case, and the regular judge of the court left the court room and was not present again until June 6. On June 4 the judge *pro tem.* adjourned the court until June 6. It was held that even after the case placed in his charge was finally disposed of he would still have power to adjourn the court to some other day for the hearing of other cases not disposed of, provided that at the time he acted the regular judge was not present or had not ordered otherwise. It has been frequently held that a court is open from the commencement of the term until its final adjournment *sine die* or until the expiration of the term established by law. (*Palmer v. State,* 73 Miss. 780; *The People v. The Central City Bank,* 53 Barb. [N. Y., Supr. Ct.] 412; *People v. Sullivan,* 115 N. Y. 185; *Jasper et al. v. Schlesinger,* 22 Ill. App. 637; *Townshend, use of Wyman, et al., v. Chew and Summers,* 31 Md. 247; *Barrett v. State,* 1 Wis. 156; *Labadie v. Dean,* 47 Tex. 90; *In re Dossett, Petitioner,* 2 Okla. 369; *Schofield v. Horse Springs Cattle Co.,* 65 Fed. 433; 11 Cyc. 732.)

The recent case of *Keys v. Keys,* 83 Kan. 92, is not in point. The question there related to the power of

the judge *pro tem.* to act after the death of the regular judge. Here the only question is whether or not the term of court lapsed, the judge *pro tem.* never having acted after the death of the regular judge. The statute fixed the time when the term should begin and end. After a term of court has legally opened the term will continue until the final adjournment of court *sine die* or until the expiration of the term established by law. The absence of the regular judge did not pervent the term from beginning, because within the first two days a *pro tem.* judge was duly elected. There was no adjournment *sine die,* and nothing to cause the term to lapse until the expiration of the time fixed by the statute. The obvious purpose of the various provisions of the statute which we have quoted is, in the language of the court in *Palmer v. State,* 73 Miss. 780, "to prevent the inconvenience and mischiefs which flowed from the ancient and unreasonable notion that the absence of the judge for a single day, at any term of court, operated to discontinue all causes undisposed of and not formally continued to the next term, to discontinue the term, also, and to dissolve the court itself." (p. 783.)

Complaint is made of certain instructions given and others refused, and it is said that all through the instructions the court assumed that the transactions on the part of the defendant were sales, while the defendant contended that he merely acted as the friendly agent of the purchasers in procuring liquor for them. The instructions given by the court are not all set out in the abstract, and it must be assumed that as a whole they fully covered the law. The defendant can not bring himself within the rule declared in *The State v. Turner,* 83 Kan. 183, because he offered no testimony of any kind, and what his particular defense was can only be conjectured from the cross-examination of the state's witnesses. The evidence of the state made a *prima facie* case. (*The State v. Turner,* supra.)

The information substantially followed the language of the statute, and the motion to quash was properly overruled. (*The State v. Sterns,* 28 Kan. 154; *The State v. Moseli,* 49 Kan. 142.) We find no error in the admission of testimony.

The judgment is affirmed.