THIRD DISTRICT—OCTOBER, 1913.     369

Minks v. The B. & O. Southwestern R. Co., 184 Ill. App. 369.

## Joseph J. Minks, Appellee, v. The Baltimore and Ohio Southwestern Railroad Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 16, 1913.

### Statement of the Case.

Action by Joseph J. Minks against The Baltimore and Ohio Southwestern Railroad Company to recover a penalty for discrimination by the defendant in freight rate charged for three cars of corn shipped by plaintiff from Millersville to Chicago, and to recover for the expense of furnishing six inside car doors. From a judgment in favor of plaintiff for $194.40, defendant appeals.

GRAHAM & GRAHAM and HOGAN & WALLACE, for appellant; EDWARD BARTON, of counsel.

W. B. McBRIDE and TAYLOR & TAYLOR, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 218*—*when railroad guilty of discrimination in freight charges.* In an action against a railroad company to recover a penalty under R. S. c. 114, ¶¶ 125, et seq., J. & A. ¶¶ 8910 et seq., for discrimination by the company in freight rate charges on three cars of corn shipped by plaintiff from Millersville to Chicago, the rate charged being eleven and three-tenths cents per hundred-weight, a finding in favor of plaintiff *held* sustained by the evidence, there being evidence that plaintiff before and after the shipment involved shipped corn at the rate of eight cents per hundred, that a person a year before shipped wheat from a station three miles farther from Chicago at the same rate, that the company charged the same rate

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

for wheat and corn, and that the rates had not been changed for five years.

2. JUDGMENT, § 296*—*jurisdiction to vacate judgment after appeal bond filed and approved.* Where a judgment had been rendered for plaintiff in an action against a railroad company for a penalty for discrimination in freight rates, *held* that the trial court after an appeal bond had been filed and approved had jurisdiction during the term to vacate the judgment and order for the appeal for the purpose of granting plaintiff's leave to make proof of the value of attorney's fees, where such matter was overlooked when the judgment was rendered.

3. JUDGMENTS, § 296*—*effect of order vacating judgment after appeal bond has been filed and approved.* An order of court during the term vacating a judgment and order for an appeal after an appeal bond has been filed and approved for the purpose of permitting plaintiff to make proof of the value of attorney's fees so as to be taxed as costs, terminates the appeal unless a new appeal bond is filed within the time limited by the court.