No. 20,469.

W. F. SHEAHAN, *Appellee*, v. THE UNITED STATES FIDELITY
& GUARANTY COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. CONTRACTOR—*Indemnity Bond—Petition—Mistake—Clerical Error—
   Demurrer.* In an action to recover on a contractor's surety bond, in
   which the petition plainly alleged that a stated balance was due for
   materials furnished to the contractor, a simple and obvious clerical
   error as to the amount already paid on the account whereby a mere
   quibble might be raised that no balance whatever was due, does not
   render the petition subject to demurrer.

2. PLEADINGS—*Clerical Errors—Disregarded or Considered as Amended.*
   An obvious clerical error in a petition may be disregarded, or it may
   be considered as amended without formality.

3. JURISDICTION—*Pleadings—Amendments After Appeal.* While a trial
   court never loses jurisdiction to correct or amend its record to make it
   speak the truth and to chronicle the history of a cause tried before
   it, yet when an appeal is taken from its decision it has no jurisdic-
   tion to permit any amendment to the pleadings or to alter the real
   situation of the parties as it existed at the time its judgment was
   rendered.

Appeal from Shawnee district court, division No. 2; GEORGE
H. WHITCOMB, judge. Opinion filed February 10, 1916. Af-
firmed.

*Eugene S. Quinton,* of Topeka, for the appellant.

*James E. Larimer, T. F. Garver,* and *Robert D. Garver,* all
of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: In 1911, J. B. Betts, a Topeka contractor, now
deceased, entered into a contract with the Rock Island Rail-
way Company to erect a railroad station for the latter at Wau-
rika, Okla., and the defendant executed a surety bond condi-
tioned that Betts would perform his contract with the railway
company. The contract bound Betts to pay for all the ma-
terials used in the construction of the building.

The plaintiff furnished certain materials for which he was
only partly paid. Betts died, insolvent, owing plaintiff a bal-

Sheahan v. Guaranty Co.

ance of $548.86. This action was brought to recover this sum from the defendant as surety.

Plaintiff's petition recited these facts and alleged that he furnished Betts material of the value of $2125 and later additional materials of the value of $735.87.

"Plaintiff further says that said material and labor were furnished between January 1, 1912, and August 1, 1912; that the total amount ~~payable~~ paid thereon by said J. B. Betts was $2,860.87, leaving a balance due thereon August 1, 1912, of $548.86. . . . Plaintiff says that said sum of $548.86 remains unpaid and has been due and payable ever since August 1, 1912; that said J. B. Betts died on or about the — day of April, 1913, leaving an insolvent estate.

"Wherefore, said plaintiff prays judgment," etc.

Defendant then demurred to this petition. The demurrer was overruled without argument. How this came about is explained in a finding of the trial court:

"The court further finds that on the hearing of said demurrer no special argument was made, but it was submitted to the court on the statement of the attorney for plaintiff that it involved the same questions that were passed upon by the court in a previous case, wherein the same bond was the basis of the action by another material man who furnished material to the contractor for the same building, and that counsel for the defendant was not present when said demurrer was submitted to the court for decision.

"The demurrer to said petition was overruled by the court upon the merits of the allegation of the petition, assuming that the allegation was true, and that the sum of $548.86 was due on the contract of J. B. Betts to the plaintiff."

Defendant then filed a lengthy answer setting up various defenses, reciting the failure of plaintiff to present his claim against Betts' estate, that defendant had no knowledge of this claim so that it might have asserted it against the estate of Betts, laches, the statute of limitations, the Oklahoma lien laws, etc.

Later, with leave of court, defendant withdrew this answer and refiled its demurrer, and from the decision of the trial court overruling it this appeal is taken.

There is no reversible error here. However carelessly the allegations touching plaintiff's account and the payment made thereon were pleaded, there was a plain allegation that a balance of $548.86 was due and unpaid, and the defendant was not entitled to judgment on demurrer. Apparently the pleader had

45—99 Kan.

intended first to state the amount payable, then the amount paid, and lastly the balance due. To shorten the pleading he changed the word "payable" to "paid" but failed to change the total price of the materials furnished to the sum paid thereon. The mistake of the pleader as to the amount paid was transparent and could not have misled the defendant.

After this appeal was filed and defendant's abstract and brief were served, counsel for the plaintiff applied to the district court for leave to amend the petition by substituting the correct figures as to the sum of Betts' payments. This after a hearing and over defendant's objections was allowed. This also is urged as error, and it may be so conceded. A court never loses power to correct and complete its record, but when an appeal is taken it loses all power to alter the precise situation of the parties as it existed when the judgment appealed from was rendered. (2 Cyc. 976.) The case of *Pierce v. Butters,* 21 Kan. 124, which was presumed to warrant this practice, falls very far short of it.

But the clerical error in the petition was so obvious and unimportant that it did not need to be amended, or it might be considered as amended without formality. (*Douglass v. McNamee,* 70 Kan. 474, 78 Pac. 834.), Time was, perhaps, when trivialities like these would cause a reversal of the judgment, but the modern codes and the modern practice absolutely forbid it. (Civ. Code, § 581.)

The judgment is affirmed.