No. 21,617.

THE STATE OF KANSAS, ex rel. J. P. NOBLE, as County Attorney, etc., *Plaintiff*, v. W. S. LANGMADE, as Judge, etc., *Defendant.*

SYLLABUS BY THE COURT.

1. DISTRICT COURT—*Control Over Its Judgments During the Term.* During the term at which judgment has been rendered the district court has power to set aside an order denying a motion for a new trial, to set aside the judgment, and to grant a new trial, although an appeal has been taken to the supreme court.

2. SAME—*Termination of Term.* An adjournment of the district court to meet "on call" does not adjourn the court *sine die*, and does not end the term.

Original proceeding in mandamus. Opinion filed November 10, 1917. Writ denied.

*S. M. Brewster,* attorney-general, *S. N. Hawkes, John L. Hunt,* assistants attorney-general, and *J. P. Noble,* county attorney, for the plaintiff.

*A. E. Crane, Oscar Raines, R. F. Hayden,* all of Topeka, and *J. F. Peters,* of Oberlin, for the defendant.

The opinion of the court was delivered by

MARSHALL, J.: This is an original proceeding in mandamus. The plaintiff seeks to compel the defendant to set aside an order granting a new trial.

On May 17, 1917, by the verdict of a jury, J. B. Little was found guilty of an assault with a deadly weapon. On the same day Little filed a motion for a new trial. That motion was overruled on June 4, 1917, and Little was then sentenced to confinement and hard labor in the state penitentiary for a period not to exceed five years. Immediately after Little was sentenced, and on the same day, notice of appeal was served on the clerk of the district court, and on the county attorney. An appeal bond was given, approved, and filed on June 4, 1917, and on July 9, 1917, the appeal was filed in this court. On August 30, 1917, Little filed a motion for a rehearing of the motion for a new trial. Evidence on the motion for a rehearing was heard on August 30, 1917, and on September

The State v. Langmade.

1, 1917, the motion for rehearing was sustained. The judgment was then set aside, and a new trial was ordered. Bond for Little's appearance at the next term of the district court was fixed at $2,000.

After the entry of the judgment against Little, the court adjourned to meet "on call." This occurred seven times, the last time being on August 2, 1917.

1. The state's first contention is that when Little appealed to the supreme court the district court lost all jurisdiction to change, alter or modify the judgment that had been rendered. *Sheahan v. Guaranty Co.*, 99 Kan. 704, 163 Pac. 172, is cited in support of this contention. There this language is found:

"While a trial court never loses jurisdiction to correct or amend its record to make it speak the truth and to chronicle the history of a cause tried before it, yet when an appeal is taken from its decision it has no jurisdiction to permit any amendment to the pleadings or to alter the real situation of the parties as it existed at the time its judgment was rendered." (Syl. ¶ 3.)

In *Railway Co. v. Berry*, 79 Kan. 19, 98 Pac. 204, this court said:

"That the court had full power during the term at which it was rendered to vacate the judgment, if it considered an injustice had been done, is well established by the decisions of this and other courts." (p. 20.)

That principle is supported by *Hemme v. School District*, 30 Kan. 377, 381; *The State v. Hughes*, 35 Kan. 626, 12 Pac. 28; *The State, ex rel., v. Sowders*, 42 Kan. 312, 22 Pac. 425; *Cornell University v. Parkinson*, 59 Kan. 365, 371, 53 Pac. 138; *In re Beck*, 63 Kan. 57, 60, 64 Pac. 971; *Chapman v. Irrigation Co.*, 75 Kan. 765, 90 Pac. 284; *The State v. Meyer*, 86 Kan. 793, 796, 122 Pac. 101.

After the term of court at which a judgment is rendered has expired, the court's power is limited to correcting the journal entry of judgment so as to make it speak the truth. (*Chapman v. Irrigation Co.*, 75 Kan. 765, 90 Pac. 284; *Lewis v. Woodrum*, 76 Kan. 384, 387, 92 Pac. 306; *Vail v. School District*, 86 Kan. 808, 122 Pac. 885; *Schultz v. Stiner*, 97 Kan. 555, 155 Pac. 1073; *The State, ex rel., v. City of Stafford*, 99 Kan. 265, 269, 161 Pac. 657; *Sheahan v. Guaranty Co.*, 99 Kan. 704, 163 Pac. 172; *Welling v. Welling*, 100 Kan. 139, 163 Pac. 635.)

In 3 C. J. 1265 this language is used:

"It is a rule of general application, in the absence of a statute to the contrary, that when an appeal or writ of error is perfected all power of the court appealed from to change its judgment or modify its orders ceases to exist until the cause or some part of it is remanded by the appellate court, subject to the rule that during the trial term that court has the right to set aside, vacate or modify its judgment, and of this power it is not divested by the appeal."

The same rule is found in 2 Cyc. 975, 976, and is supported by *Legere v. State,* 111 Tenn. 368; *Minks v. The B. & O. Southwestern R. Co.,* 184 Ill. App. 369; *Blackburn v. Knight,* 81 Tex. 326; *The Huber Mfg. Co. v. Sweny et al.,* 57 Ohio St. 169; *Vernier v. Knauth,* 7 App. Div. (N. Y.) 57, 64.

In *Sheahan v. Guaranty Co.,* 99 Kan. 704, 163 Pac. 172, the change made was in the pleadings, and was made for the purpose of altering the situation of the parties on appeal. In that case judgment was rendered on November 11, 1915. The petition was amended on October 14, 1916, after the term at which the judgment had been rendered had expired. The rule that an appeal does not deprive a trial court of jurisdiction to set aside, vacate or modify its judgment during the term at which the judgment has been rendered is in harmony with the repeated declarations of this court concerning the power of district courts over their judgments during the term, and the rule is not in conflict with *Sheahan v. Guaranty Co.,* supra.

It was not error for the trial court to set aside the judgment and grant a new trial.

2. The state contends that the district court did not have power to adjourn and meet again "on call." The state argues that when an adjournment is taken, the day to which the court is adjourned must be stated, or that if no such day is named, notice must be published the same as for a special term.

What was the effect of the adjournment of the court to meet "on call"? It was not an adjournment *sine die,* and it did not end the existence of the term. The adjournment contemplated that the court would be continuously in session, and that when there was business to transact, the court would transact that business. On such an adjournment, all interested parties knew that the court would transact any business whenever presented, and such parties should govern themselves accordingly, just the same as those living in counties

Campbell v. City of Wichita.

where courts are continuously in session. This question is disposed of by *The State v. Hargis,* 84 Kan. 150, 113 Pac. 401, where this court said:

"A term of the district court, having been regularly convened, continues until there is a final adjournment of the court *sine die* or the term ends by the expiration of the period fixed by the statute." (Syl. ¶ 1.)

The writ is denied.