## BOAZ v. MARTIN et al.

No. 12824—Opinion Filed April 8, 1924.

(Syllabus.)

**1. Courts—District Court—Terms and Adjournments.**

A district court legally opened for all general purposes continues in session until it adjourns sine die, and only expires by such adjournment or at the close of the last business day before the next regular term. When an adjournment is made in term time subject to call during that term, such court is legally constituted and its acts are valid.

**2. Same — Effect of Convening of Term in Another County.**

A regular term of a district court is not ended by the convening of a term of court in another county in the same district.

**3. Appeal and Error—Discretionary Rulings —Vacation of Judgment.**

A petition to vacate judgment because of unavoidable casualty or irregularity in obtaining the judgment under section 810, Comp. Stats. 1921, is addressed to the sound discretion of the trial court, and this court will set aside order refusing to vacate such judgment when it appears such discretion has been abused.

**4. Same—Abuse of Discretion.**

What constitutes abuse of discretion on the part of a trial court in refusing to set aside a default judgment is dependent on the facts and circumstances surrounding each individual case. On appeal from such order this court will examine the record and determine therefrom if such discretion has been abused. Facts in the present case examined, and refusal held to constitute an abuse of such discretion.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by P. A. Boaz against C. A. Martin and J. E. Howard, to recover upon balance due on two promissory notes, with interest and attorney's fee provided for in the notes. Judgment for defendants; plain-

tiff appeals. Reversed and remanded, with directions.

H. B. Lockett, for plaintiff in error.

Bridges & Vertrees and E. B. Anderson. for defendants in error.

WARREN, J. This is an appeal from the order of the district court of Jefferson county wherein such court refused to vacate and set aside a judgment which had been recovered therein against the plaintiff in error, P. A. Boaz, by the defendants in error, C. A. Martin and J. E. Howard.

The judgment in question was recovered by the said defendants in the court below on the 24th day of December, 1920, on a cross-petition filed by them in said cause. The original petition was filed by the plaintiff there, plaintiff in error here, to recover on the alleged balance due on two promissory notes for the respective amounts of $5,000 and $5,714.65, on which there was alleged to be due a balance in the amount of $2,207.69. In addition thereto plaintiff prayed judgment for attorney's fee in the sum of $220.

In due time the defendants filed their answer and cross-petition in the said cause, in which answer they admitted the alleged balance due of $2,207.69, and admitted the execution of notes, but denied all other allegations in the petition. They set up a cross-petition as against the plaintiff on a contract alleging purchase of a stock of merchandise in which the inventory was improperly made and allege certain taxes due on said stock; the aggregate of said cross-petition being the sum of $4,142.13, or $1,-934.44 over and above the claim of the plaintiff.

On December 24, 1920, in the absence of the plaintiff, on a date to which the district court of Jefferson had adjourned, after several prior adjournments subject to call, the said defendants called up the said action and took judgment for the full amount claimed by the plaintiff in his petition, crediting thereon the amount claimed by the plaintiff in his petition less the attorney's fee.

A petition was filed by the plaintiff on April 7, 1921, to set aside this judgment. A restraining order was issued thereon, an amended petition filed, and on the 16th day of May, 1921, the district court of Jefferson county made an order refusing to vacate such judgment.

The statute designates the regular terms of court in Jefferson county as beginning on the first Monday in March and September, respectively. The testimony shows that the plaintiff was advised of this and re-

lied upon it. The active trials for the September, 1920, term of court in Jefferson county apparently were begun September 6th and were concluded October 2, 1920, after a session of more than three weeks. This lawsuit was not filed until October 20, 1920, long after the active session had closed. Answer and cross-petition were filed by the defendants November 22, 1920, in which cross-petition defendant asked judgment over against the plaintiff for $4,142.13, or for a net of $1,934.44. No answer was filed to the cross-petition.

On Christmas Eve, court being in session for one day only, the court having adjourned subject to call, the defendants called up this case in the absence of the plaintiff and secured judgment in accordance with their cross-petition for $1,934.44.

There is no doubt that the district court of Jefferson county was regularly in session on December 24, 1920, and that its acts on such day were of the same force and effect as if had in the beginning of the term. Section 3089, Comp. Stat. 1921, provides:

"Two or more district judges may sit and hold court at the same time in the same county during term time; and regular terms or adjourned terms of court in two or more counties in the same judicial district shall proceed until the same are adjourned sine die."

The case of Southwestern Surety Ins. Company v. Douglas, 81 Okla. 232, 198 Pac. 334, holds:

"A district court legally opened for all general purposes continues in session until it adjourns sine die, or expires by law, and when an adjournment is made subject to call, the term not having expired by law, and it convenes, the court is legally constituted and its acts are valid and binding."

In the body of this opinion there is language limiting the legality of such term to case where there has been no intervening term in another county, but under the foregoing statute this limitation is not well taken. The term is valid in any event.

This brings us to a consideration of the circumstances surrounding this particular case. The judgment is undoubtedly valid, but should it be allowed to stand?

This court has held in the case of Hodges v. Alexander, 44 Okla. 598, 145 Pac. 809, that the court will inquire into the facts and circumstances surrounding each individual case and determine whether or not discretion has been abused. The syllabus is as follows:

"Where a trial court has refused to open a judgment by default and permit the de-

fendant to show his defense, this court will inquire as to whether the court has abused its discretion.

"It is an abuse of discretion for the court to refuse to open a judgment by default where the answer presents a good defense, and the showing made by the defendant is a reasonable excuse for the absence of the defendant and his attorney at the time of trial, with no negligence on his part, and where no substantial prejudice would result from the sustaining of such motion."

Each case of this kind presents its own peculiarities; the facts and circumstances surrounding are rarely the same. On a consideration of each case the court will, from its own experience, determine whether or not an injustice is being done and discretion abused. It so happens that this court has never had before it a case just similar to the present one. This is not an ordinary case where petition was filed, summons issued, with amount for which judgment would be taken indorsed thereon, served on the defendant by proper officer, with answer day designated. It is not a case where the defendant and his attorney sit idly by and file nothing though summoned so to do. In this case the plaintiff might well believe nothing would be done until March, 1921. He knew that the regular setting of the docket for the September term was over before the filing of the suit. The suit was for the balance due or alleged to be due on a promissory note, more than half of which had been paid. He testified he knew of no adverse claim, except a possible $45. He offered testimony, which was excluded, that he had requested copy of answer in accordance with section 232, Comp. Stat. 1921. The next term did not convene until March, 1921.

The term for active trials of contested cases, except by agreement, with jury waived, or where set regularly for more than ten days in accordance with section 582, Comp. Stat. 1921, had closed. There had been merely desultory sittings of the court from time to time through October, November, and December. Apparently not a case had been regularly set and tried during this period. Yet we find the defendants in error on the day before Christmas, the only day on which court had been in session for nearly a month prior, and for several days subsequent, calling up this case on their cross-petition; not even admitting the plaintiff's entire claim, and offering proof on such cross-petition greatly in excess of the original claim. Defendants in this case had already paid to plaintiff, in cash, the actual amount represented by the excess of the cross-petition over the amount sued for by the plaintiff. To our

minds the intention to take an unfair advantage is apparent. Trial courts in their general supervision of the business transacted therein should not uphold such practice. How can litigants generally be expected to accord courts the proper respect if they are the instruments whereby an over zealous attorney can take advantage of his adversary without regard to justice?

In the case of Anderson v. Graham, 87 Okla. 278, 210 Pac. 281, with reference to the neglect or omission of counsel to inform clients of the status of their case, after quoting from decisions stating that the weight of authority is that the client is bound thereby, this court said:

"It appears to us that the better rule in this class of cases is that a party may be held excusable for relying upon the diligence of counsel, when it clearly appears that the party himself has not been neglectful and has given all proper attention to the litigation. Manning v. Roanoke, etc., R. C., 122 N. C. 824, 28 S. E. 963. In the case of Peterson v. Koch, 110 Iowa, 19, 81 N. W. 160, 80 Am. St. Rep. 261, the court held that a person employing counsel and paying his fees has a right to rely upon his attorney to inform him as to the time of the trial of his case or anything required of such party for the purpose of defending the action, and the failure of such party to appear and defend by reason of the failure of such attorney to inform him of the time of the trial constitutes unavoidable casualty."

In McLaughlin et al. v. Nettleton, 69 Okla. 74, 183 Pac. 416, the court said:

"We are constrained to believe that if this judgment should stand, it would have the effect of denying litigants their day in court and arouse an unjust resentment against the approved procedure in our tribunals of justice. It is the policy of the law and courts of Oklahoma to allow each litigant the right to be heard upon the merits of his cause free from technical pitfalls."

Again, we reiterate that this plaintiff was not in default in the ordinary sense. Were the conditions similar under a petition filed by the defendants in the first instance, with summons, this court would not interfere. Yet it appears to us wholly unjust and unfair, and it is, therefore, not the law, that this judgment should be allowed to stand. It was an abuse of discretion in the trial court to refuse to set aside this judgment.

It is, therefore, ordered that this cause be reversed. The case is remanded, with directions to the trial court to set aside the judgment, permit the plaintiff to reply to the answer and cross-petition, and the case to be regularly set for trial.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and LYDICK, JJ., concur.