## HALL et al. v. PRICE.

No. 18976. Opinion Filed Feb. 26, 1929.

Rehearing Denied May 7, 1929.

Blakeney & Ambrister and Melton & Melton, for plaintiffs in error.

T. R. Wise, for defendant in error.

FOSTER, C. In October, 1925, this action was commenced in the district court of Beckham county by W. B. Price against J. S. Nelson to recover an indebtedness in the sum of $665. Later, the petition was amended to allege the sum of $1,582.89. At the time of filing suit, upon proper affidavit, a garnishment summons was served upon Magnolia Petroleum Company, and on November 2, 1925, the Magnolia Petroleum Company filed its answer, stating that it had a contract with J S. Nelson by the terms of which it was to pay the said Nelson $2,800 upon the completion of an oil and gas well to the depth of 3,000 feet, but that in May, 1925, long prior to the institution of this suit, Nelson assigned all his right, title and interest in and to the money due, or to become due under the contract, to one F. C. Hall, and that by reason thereof the Magnolia Petroleum Company was not in any way indebted to the said J. S. Nelson.

In February, 1926, the garnishee, Magnolia Petroleum Company, filed an amended answer in which it is stated that the oil well had been completed, and there was now due the sum of $2,800 to F. C. Hall as set up in its original answer, and, further, that it was holding the $2,800 subject to order of the court.

In May, 1926, the garnishee filed a motion to be discharged by reason of having no property belonging to the said J. S Nelson.

On August 4, 1926, an order was made by the court, as follows:

"Now, on this, the 4th day of August, 1926, this cause came on for hearing, and it appearing from the answer of the garnishee, the Magnolia Petroleum Company, filed herein, that one F. C. Hall claims the indebtedness, or money in the hands of said garnishee, and the plaintiff now moves that the said F. C. Hall be interpleaded as defendant in said garnishee proceedings herein. It is ordered that notice with copy of this order be served upon said F. C. Hall.

"T. P. Clay, Judge."

On the 27th day of September, a notice signed by the court clerk of Beckham county was served upon the defendant F. C. Hall, personally, in Grady county by the sheriff thereof, which in substance alleged that the Magnolia Petroleum Company, as garnishee, had filed an answer in said cause, setting forth that Hall claimed an interest in the indebtedness due by the Magnolia Petroleum Company to the defendant Nelson, and that by order of the court, on August 4th, Hall was interpleaded as a defendant in said garnishment action. A copy of the order of August 4th was attached to this notice.

F. C. Hall, on the 8th day of October, 1926, filed a plea to the jurisdiction of the court, on the grounds that the court was without authority at law and had no jurisdiction to make F. C Hall a party defendant in said proceedings.

This motion was overruled on October 30, 1926, in the absence of Hall or his attorneys, and Hall was given 20 days to answer. Being in default of answer, on the 20th day of November a judgment was rendered by default against J. S. Nelson for the full amount, and declaring that Hall had no interest in the money due from the Magnolia Petroleum Company to Nelson, and ordering and directing that the Magnolia Petroleum Company pay the full amount of said judgment, and that it be released from liability to that amount upon its obligation owing to Nelson. The Magnolia Petroleum Company did not appear on October 30th, nor on November 20th.

On December 8th, F. C Hall and the Magnolia Petroleum Company both filed motions to vacate and set aside the default judgment so taken on the 20th day of November, and, after a full hearing, the motion to vacate was overruled, from which order F. C. Hall and Magnolia Petroleum Company perfect this appeal.

There were many reasons set out in their motions to vacate the default judgment, and also many assignments of error alleged in the motion for a new trial and petition in error, but plaintiffs in error argue only two propositions, which are the only questions presented by this appeal, as follows:

First. Did the court have jurisdiction over the person of F. C. Hall by reason of the proceedings shown of record?

Second. If the court had jurisdiction, then was the showing made by the defendants F. C Hall and Magnolia Petroleum Company sufficient in law to sustain the judgment entered by the court overruling the motion?

The first question presented involves an interpretation of section 366, C. O. S. 1921, as follows:

"When the answer of the garnishee shall disclose that any other person than the defendant claims the indebtedness or property in his hands, and the name and residence of such claimant, the court may, on motion, order that such claimant be interpleaded, as a defendant to the garnishee action; and that notice thereof, setting forth the facts, with a copy of such order, in such form as the court shall direct, be served upon him; and that after such service shall have been made, the garnishee may pay or deliver to the officer or the clerk such indebtedness or property, and have a receipt therefor, which shall be a complete discharge from all liability to any party for the amount paid or property so delivered. Such notice shall be served in the manner required for service of summons in a civil action, and may be made without the state or by publication thereof, if the order shall so direct. Upon such service being made, such claimant shall be deemed a defendant to the garnishee action, and within 20 days shall answer, setting forth his claim or any defense which the garnishee might have made. In case of default, judgment may be rendered, which shall conclude any claim upon the part of such defendant."

It is first contended that under the above section the trial court made the order of August 4th on its own motion, and that it was necessary that the order making F. C. Hall a party should be upon the written application, by motion or petition, of some party to the action.

Plaintiff in error cites several cases attempting to show that the court cannot upon its own motion enter an order making an additional party defendant in a garnishment proceedings, even though the answer of the garnishee shows that said party claims some interest in the money garnisheed. The cases relied upon are not in point, and from an examination of the authorities from different states, there seems to be no uniform rule, some jurisdictions going to the extent of holding that, in the absence of the statute, it is the duty of the court to see that the disclosed claimant is made a party. We believe the general rule applicable to the case at bar is laid down in 28 C. J. p. 376, section 592, as follows:

"Who may interplead adverse claimants to garnisheed property is usually prescribed by the statutes, which are held to be exclusive of the right of anyone else to invoke this remedy, except where it is held that the court may, independently of statute, bring in claimants of its own motion."

We believe our statute fully covers this proposition.

Section 366, supra, provides that when the answer of the garnishee shall disclose another person other than the defendant claims the indebtedness, "the court may on motion order such claimant to be interpleaded as a defendant to the garnishee action." And the order of August 4, 1926, provides, among other things:

"The plaintiff now moves that F. C. Hall be interpleaded as defendant in said garnishee proceedings herein."

So it appears that order making F. C. Hall a party defendant was made upon motion of the plaintiff, and this we think complies with our statute, section 366, supra. It is true that there was no written motion filed, but the statute does not so require; and where the statutes of Oklahoma do not require a motion to be in writing, in the absence of a rule of the court so requiring, the same may be made orally. Van Curon v. King, Adm'r, 93 Okla. 1, 219 Pac. 337.

Plaintiffs in error also contend that, since the notice in this case must be served in the same manner as a summons, it must also run in the name of the state of Oklahoma as required by article 7, sec. 19, of the Constitution, citing in support thereof Folsom v. Mid-Continent Life Ins. Co., 94 Okla. 181, 221 Pac. 486; and also that the notice required to be served should have the seal of the court thereon, under the theory that all processes of the court that do not have the seal of the court attached are void. Gordon v. Bodwell, 59 Kan., 51, 51, Pac. 906; and section 862, C. O. S. 1921.

We have carefully examined the decisions relied upon, but do not believe they apply to the case at bar. Although the notice in

this case was required to be served in the same manner as a summons, we do not believe it is such a process as is provided in article 7, sec. 19 of the Constitution of Oklahoma. The notice in this case was served in the same manner as a summons; that is, it was served by the sheriff. There is no provision in the statute as to the form of the notice, with the exception that it must contain facts and must have attached thereto a copy of the order. The notice in this case substantially complied with the provisions of section 366, supra, and it was not necessary that it run in the name of the state of Oklahoma, nor that it be under the seal of the court as prescribed by section 862, C. O. S. 1921. We believe the cases of Harmon v. Nofire, 131 Okla. 1, 267 Pac. 650, and Armstrong v. Phillips, 82 Okla. 82, 198 Pac. 499, support us in so holding, although these cases construe different statutes than the one under consideration in the instant case.

We therefore hold that the order of the court and the service of the notice was sufficient to interplead the defendant F. C. Hall.

The next question is whether or not the defendant F. C. Hall and the garnishee, Magnolia Petroleum Company, were misled as to the time this case was set for trial so that the court abused his discretion in refusing to vacate the judgment upon their application.

The whole proposition, as to whether or not the defendants Hall and Magnolia Petroleum Company were misinformed as to the time when the case was set for trial, is to be determined by certain letters written by attorneys for Hall and Magnolia Petroleum Company to Mr. Wise, attorney for the plaintiff. This exchange of letters extends over a period beginning in August, 1926, up to the time of the default judgment in November, 1926. The first communications were between Mr. Wise, representing Price, and Melton & Melton, representing F. C. Hall. The substance of the first letters was an agreement between Mr. Wise and Melton & Melton that an answer would be filed on behalf of Hall. No answer being filed, on September 27th the order and notice above referred to making Hall party defendant were served. Hall filed his objections to the jurisdiction of the court. After this was done, there were several letters exchanged between the attorneys for Hall and for the plaintiff, as well as between the plaintiff and the attorneys for the Magnolia Petroleum Company, also certain letters between the attorneys for Hall and the Magnolia Petroleum Company were all introduced in evidence.

It appears from these letters that the hearing on Hall's plea to the jurisdiction of the court was set down for October 15th or 16th. Mr. Wise, who represented Price, wrote to the attorneys for Hall about October 13th that he would not be in the district court of Beckham county on the 15th or 16th, but suggested that their motion be taken up on October 27th. Again, on about October 18th, Mr. Wise wrote Hall's attorney that the plea would come up on October 27th. No reply was made to either of these letters. It appears further that the motion of the Magnolia Petroleum Company to discharge the garnishment was set down for October 22nd, and, upon letters between attorneys for the Magnolia Petroleum Company and the plaintiff, it was agreed that this matter would not be heard upon the 22nd, because the issues in the original case were not made up, and that no action could be taken as to the garnishee until the issues in the original case were made up and determined. This information was conveyed to the attorneys for the Magnolia Petroleum Company.

Neither the attorneys for Hall nor the Magnolia Petroleum Company appeared on October 27th, and the hearing was put over until October 30th, at which time the plea of F. C. Hall objecting to the jurisdiction of the court was overruled, and he was given 20 days to answer. No answer being filed and the plea to the jurisdiction having been properly overruled, and the defendant Hall being in default, on November 20th a judgment was taken as above set out.

From an examination of the entire record, we cannot say that the court abused its discretion in refusing to set aside the judgment. It is true, as contended for by the plaintiff in error, that the policy of the law of this state is to afford every party to an action an opportunity to present his side of the case. But the courts must require diligence on the part of the litigants to be present when their cases are called, unless they are misled by the court, officers of the court, or opposing parties. We have examined the cases of Hoffman v. Deskins, 94 Okla. 117, 221 Pac. 37; Anderson v. Graham, 87 Okla. 278, 210 Pac. 281; and Eagle Loan & Investment Co. v. Turner, 113 Okla. 251, 241 Pac. 138, but the facts in those cases are so entirely different from those in the case at bar that we do not believe they can be considered as controlling.

206

It is held in the case of Boaz v. Martin, 101 Okla. 243, 225 Pac. 516, that what constitutes an abuse of discretion on the part of the trial court in refusing to set aside a default judgment is dependent upon the facts and circumstances surrounding each individual case, and, on appeal from such order, the court will examine the record and determine therefrom if such discretion has been abused.

In the letters between the attorneys for Price and the Magnolia Petroleum Company there are possibly some statements that might be construed as misleading as to the time in which the motion to discharge would be heard. But the attorneys for the Magnolia Petroleum Company did not appear at the hearing to set aside the judgment in this case, and their conduct and the record in the case indicate that they have little or no interest in the action to set aside this judgment. Section 366, supra, provides that when a party is interpleaded, as Hall was in this case, he may set "forth his claim and any defense which the garnishee might have made."

The letters between the attorneys for Hall and attorneys for the plaintiff, Price, did not show that Hall was misinformed or misled as to the date of the setting of Hall's plea to the jurisdiction of the court. On the contrary, the attorneys for Hall were informed by two letters that their plea to the jurisdiction of the court would be heard on October 27th. They did not appear, nor did they reply to said letters, and the matter was continued over until October 30th, at which time their plea to the jurisdiction was overruled and 20 days given to answer.

The attorneys for Hall attempted to excuse their nonappearance on account of certain letters between themselves and attorneys for the Magnolia Petroleum Company, but we do not believe they can rely upon these letters to show that Price misled them as to the date on which their motion would be heard. These letters may be admissible to show diligence on behalf of attorneys for Hall, but in our opinion they do not show a sufficient diligence, and certainly cannot be relied upon to show that the plaintiff misled them.

From an examination of the entire record, we are unable to say that the plaintiffs in error were misled by the court or by opposing parties as to the date of the hearing of their motions or the taking of the final judgment. Nor do we believe that the court abused its discretion in refusing to set aside the default judgment.

The judgment of the trial court is therefore affirmed.

BENNETT, TEEHEE, REID, and DIFFENDAFFER, Commissioners, concur.

RILEY, J., dissents.

By the Court: It is ordered.