No. 35,359

THE STATE OF KANSAS, *Appellee,* v. S. NEWTON BOWSER, *Appellant.*

(118 P. 2d 1055)

Opinion filed November 19, 1941.

*William M. Bradshaw, Edward Rooney* and *Jacob A. Dickinson,* all of Topeka, for the appellant.

Jay S. Parker, attorney general, A. B. Mitchell, Jay Kyle, assistant attorneys general, and John C. McCall, county attorney, for the appellee.

The opinion of the court was delivered by

HOCH, J.: Appellant was charged in separate counts with manslaughter in the fourth degree and with leaving the scene of an automobile accident without giving information as required by G. S. 1939 Supp. 8-518, 8-520. On July 8, 1941, in the district court of Neosho county, he pleaded guilty to both counts and was sentenced to a term of one year in the county jail, on each of the two counts, the sentences to run concurrently. At his request he was granted a few days to arrange his affairs before beginning to serve sentence. On July 18 he served notice of appeal to this court from the judgment and sentence, and stay of execution was granted. That appeal has been set for later hearing and we make clear at the outset that we are not now considering that appeal or any of the questions incident to it. The appeal here considered relates solely to a question of law, now to be stated.

On July 23, 1941, the defendant filed in the trial court and during the same term of court in which the plea of guilty had been received and sentence pronounced thereon, his motion to withdraw, vacate and set aside his plea of guilty. Therein the defendant alleged that his plea of guilty was not voluntarily entered, but that it was entered under misapprehension of fact and under such circumstances and conditions that it did not represent his free act and deed, and that he was the victim of such fraud and deceit on the part of his counsel as to constitute coercion. The movant advised the court that he desired to introduce sworn testimony in support of the allegations of the motion.

When the motion came on for hearing the state objected to the introduction of evidence on the ground that the court was without jurisdiction to set aside the plea of guilty inasmuch as an appeal from the judgment and sentence entered thereon had been taken to this court. This objection was sustained by the trial court on July 23, 1941, on the sole ground that it "had no further control or jurisdiction of its judgment during the term and after defendant's appeal to the supreme court" and that it was "without jurisdiction to modify or set aside or in anywise alter its judgment heretofore entered on the 8th day of July, 1941, for the reason that the defendant has appealed said cause to the supreme court." The same issue was again

raised by defendant upon motion for a new trial on the question of jurisdiction, and by offer of proof to sustain the allegations of the motion to vacate. On August 6, 1941, the trial court adhered to its former ruling that it was without jurisdiction and denied new trial on that issue. From such rulings of July 23 and August 6 the appeal now being considered was taken. The only question now before us is whether the trial court had jurisdiction to entertain and act upon the motion to withdraw and vacate the plea of guilty. Our instant issue in no way involves the merits of the motion or issues that may be involved in the appeal from the judgment and sentence.

This court has repeatedly held that during the term at which a judgment has been entered, district courts not only have the power, but have a duty to set aside such judgment if it appears that such judgment was erroneous. (Among many cases see: *Eckl v. Brennan*, 150 Kan. 502, 506, 95 P. 2d 535; *Burnham v. Burnham*, 120 Kan. 90, 93, 242 Pac. 124; *Baker v. Craig et al.*, 117 Kan. 491, 492, 232 Pac. 248; *State v. Luft*, 104 Kan. 353, 358, 179 Pac. 553; *Railway Company v. Berry*, 79 Kan. 19, 98 Pac. 204.)

In *State v. Luft*, 104 Kan. 353, 179 Pac. 553, it was held that even in a subsequent term the court had power to reconsider an order granting a new trial, where, during the term in which such order was entered a motion for reconsideration had been made, notice served and hearing thereon had been continued to the next term. It was there said that "having thus, during the term, laid its hand on the ruling and placed itself in a position to withdraw the ruling should it see fit, the court could then continue the proceeding to the next term, as it did, without suffering loss of power" (p. 359).

This control, within the term, over its judgments is not lost by the trial court by the taking of an appeal therefrom to the supreme court. The leading case in this court on that proposition is *State v. Langmade*, 101 Kan. 814, 168 Pac. 847. We again adhere to that holding.

The case of *Parks v. Amrine* (154 Kan. 168, 117 P. 2d 586) recently decided by this court is readily distinguished from *State v. Langmade* and is in no way in conflict with it. In the Parks case the defendant had been sentenced and had started serving his sentence when the case was reopened, additional evidence received and a heavier sentence imposed. No motion for stay of execution of the sentence first imposed had been made. Nor had appeal been

430

taken to this court from the first sentence. It was held that under the facts stated the rights of the defendant had been invaded and the second and heavier sentence was void. In the instant case the defendant, having appealed from his sentence, and stay of execution thereon having been granted at his request, filed his motion to withdraw and vacate his plea of guilty. The two cases present very different questions of jurisdiction.

The state calls our attention to various cases and authorities bearing upon the question of discretion residing in trial courts with reference to permitting withdrawal of pleas of guilty. They are not in point on the instant issue. We are not here reviewing any action of the trial court taken in the exercise of discretion. As already stated, the instant question is solely whether the trial court had jurisdiction to entertain and consider the motion to withdraw and vacate the plea of guilty.

The trial court having erred in holding it had no jurisdiction to consider the merits of the motion, the judgments of July 23 and August 6, 1941, must be reversed and the cause remanded as to the appeal here considered, with directions to hear and determine the issue raised by the motion to withdraw, vacate and set aside the plea of guilty. It is so ordered.