No. 39,866

WALTER VOTH, *Appellee*, v. RUSSELL V. THOMPSON and J. C. WILKINS, *Appellants;* ROBERT RUSH, a minor, and DON I. RUSH, as the father and natural guardian of ROBERT RUSH, *Appellees*.

(289 P. 2d 733)

Opinion filed November 12, 1955.

*Evart Mills*, of McPherson, argued the cause and was on the briefs for the appellants.

*Arthur C. Hodgson*, of Lyons, argued the cause, and *John F. Hayes*, of Hutchinson, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This action stems from a collision between motor vehicles at a highway intersection and a brief factual statement of the events leading up to its institution, trial and disposition in the court below is all that is required to insure a proper understanding of the all decisive appellate issue.

On January 21, 1953, near Little River, Kansas, two motor vehicles collided at the intersection of U. S. Highway 50N and a blacktop county road, commonly known as Moll Boulevard. One of the vehicles involved in the collision was a Ford truck belonging to Walter Voth, a farmer. It was loaded with sand and was being operated by Robert Rush, then eighteen years of age, in an easterly direction on the highway. The other vehicle was an IHC truck which was carrying a water tank and was owned by J. C. Wilkins, also a farmer. It was proceeding north on the blacktop road and was being driven by Russell V. Thompson. Vision at the southwest corner of the intersection was very restricted.

Following the collision Voth sued Wilkins and Thompson for injuries sustained to his truck. Thereafter these defendants requested that Rush be made a party defendant in the action. This was done. Thereupon they filed an answer and counterclaim against Voth and Rush to recover damages for the Wilkins truck and for personal injuries sustained by Thompson in the collision. Later Voth and Rush answered, denying all claims of negligence on which their liability for the collision was predicated. In addition Rush, who had been very seriously injured at the time of the accident, filed a cross petition in which he claimed damages for his injuries.

After what appears from the record to have been a fair trial a jury returned a general verdict, along with its answers to 12 special questions submitted by the court, against Wilkins and Thompson in favor of Voth for damages to his truck and Rush in a substantial amount as damages for the personal injuries he had sustained in the collision.

During the trial defendants, Wilkins and Thompson, demurred to the evidence presented by Voth and Rush on the ground they had not proven facts sufficient to constitute a cause of action and for the further reason such evidence conclusively showed them to be guilty of contributory negligence which barred their recovery. This demurrer was overruled. Later Voth and Rush demurred to the evidence of the defendant cross petitioners, Wilkins and Thompson, on the ground it failed to prove a cause of action against either demurrant and disclosed such cross petitioners were guilty of contributory negligence as a matter of law. This demurrer was sustained.

Within three days after the jury's verdict the defendants filed a motion for a new trial on all issues. At the same time they moved

to set aside the answers to five of the special questions and for judgment *non obstante* upon the answers to the remaining seven questions. Thereafter, and within five days after the rendition of the verdict, they filed an amended motion for a new trial wherein they withdrew the original motion and, on the same grounds as therein set forth, asked for a new trial limited to the single issue of contributory negligence of Voth and Rush.

After hearing and argument decision on the foregoing motions was taken under advisement by the trial court until December 13, 1954. On that date it held (1) that the motion to set aside answers to special questions should be and was overruled; (2) that the amended motion for a new trial should be and was overruled; and (3) that the motion for judgment *non obstante* should be and was sustained, and then rendered judgment for defendants (Wilkins and Thompson) against both Voth and Rush for costs for the reason that it found, from the answers to special questions found by the jury, that Rush was guilty of contributory negligence sufficient to bar his, and the plaintiff Voth's, recovery.

On Tuesday, January 4, 1955, which all parties concede was on the first day of the January term of the Rice County District Court as fixed by statute (G. S. 1949, 20-1020), the trial court, after announcing that it was taking its action prior to the opening of the January, 1955, term, held that its ruling, dated December 13, 1954, was erroneous and therefore should be and was set aside.

Thereafter, and on January 11, 1955, obviously on the assumption the case was open and subject to consideration at the January, 1955, term, the trial court, after stating the reasons for its action, found that in all fairness to the plaintiff and to the defendants a new trial should be had in the case. Thereupon, stating that it had set aside its ruling of December 13, 1954, before the convening of the January 1955 term, it (1) overruled the motion of defendants (Wilkins and Thompson) for judgment *non obstante*; (2) overruled their motion to set aside answers to the special questions; and (3) sustained their amended motion for a new trial but held that in so doing it was granting a new trial on all issues in the cause between the parties, and not merely as to the issue of contributory negligence, if any, of plaintiff Voth and defendent Rush.

Subsequently defendants gave notice of appeal from the ruling of January 4, 1955, setting aside the ruling and judgment of Decem-

ber 13, 1954; and from the ruling of January 11, 1955, in which a new trial was granted, the notice of appeal stating the appeal from the order of January 11, 1955, was made without waiving their rights to contend the court was without jurisdiction to make and render its judgment and decision of January 4, 1955.

One of several errors assigned by appellants, if it be upheld, will require a reversal of the judgment and must be disposed of before attention can be given to any of the others. It charges the court erred on January 4, 1955, in setting aside the judgment it had theretofore rendered on December 13, 1954. Shortly stated, appellants' position with respect to this matter is that such ruling was made by the district court of Rice County at the January 1955 term of court in an attempt to modify and vacate the judgment it had rendered at the September 1954 term of court on December 13, 1954, and is therefore void and has no effect on the original judgment. On the other hand, and for present purposes just as briefly stated, appellees' position is that the ruling of which appellants complain, even though entered on Tuesday, January 4, 1955, was made at the September 1954 term of the district court of Rice County and hence resulted in a modification and vacation of the original judgment during the term in which it was rendered.

It has taken much space to summarize this case and apprise future readers of this opinion of everything necessary to enable them to fully comprehend the nature of the controversy and what we have determined is the decisive question involved in the lawsuit. Strangely enough, except for one question to be presently mentioned, there is little dispute between the parties respecting the statute or pertinent legal principles involved.

It is admitted that Rice County is in the 20th Judicial District and that the statute (G. S. 1949, 20-1020) provides that the terms of the district court in that county *shall commence* in each year on the first Tuesday of January, on the first Tuesday of April, and on the first Tuesday of September.

Likewise it is agreed that January 4, 1955, was the first Tuesday in January 1955 and that the ruling now under consideration was made on such date.

The parties concede that under our decisions (1) a term of the district court, having been regularly convened, continues until there is a final adjournment of the court *sine die* or the term ends by the expiration of the period fixed by the statute (*The State v. Hargis,* 84

Kan. 150, 113 Pac. 401; *The State v. Langmade,* 101 Kan. 814, 168 Pac. 847); (2) a district court in the exercise of sound discretion may vacate its orders and judgments during the term at which they are made and when an order or judgment is so vacated the previous existing status is restored and the situation is the same as though the order or judgment had never been made (*State v. Bowser,* 154 Kan. 427, 429, 118 P. 2d 1055; *Eckl v. Brennan,* 150 Kan. 502, 506, 95 P. 2d 535; *Epperson v. Department of Inspections & Registration,* 147 Kan. 762, 78 P. 2d 850; *Standard Life Ass'n v. Merrill,* 147 Kan. 121, 75 P. 2d 825; *Burnham v. Burnham,* 120 Kan. 90, 242 Pac. 124; *Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1041; *Mulcahy v. City of Moline,* 101 Kan. 532, 171 Pac. 597; *The State v. Langmade,* supra.).

Neither party attempts to dispute the well-established rule of this jurisdiction recently restated in *Buchanan v. Lambdin,* 176 Kan. 62, 269 P. 2d 443, as follows:

"After the lapse of the term at which a final judgment is rendered the district court has no power to modify or vacate the judgment, except in accordance with the express provisions of the code of civil procedure, following *Hoffman v. Hoffman,* 156 Kan. 647, 135 P. 2d 887." (Syl. ¶ 5.)

For numerous other decisions of like import and a more complete discussion of the subject last mentioned see pages 655 to 657, incl. of *Hoffman v. Hoffman,* 156 Kan. 647, 135 P. 2d 887.

In order to avoid any possible misunderstanding it should now be stated the essence of appellees' contentions on the point under consideration is that notwithstanding our statute (G. S. 1949, 20-1020), and the decisions heretofore mentioned, the September 1954 term of court in Rice County did not expire on January 3, 1955, which we pause to note would have been the last full day of that term, but continued over to Tuesday, January 4, 1955, (the first day of the statutory January 1955 term) until such time during that day as the district court might see fit to formally open the January 1955 term of court. Otherwise and more bluntly stated, appellees insist that under the statute the district court had power and authority to keep the September 1954 term open during a portion of the day on which, by legislative fiat, the January 1955 term commenced. It will not be necessary to here discuss the confusing legal problems which would arise with respect to the closing and opening of terms of the district courts of this state if appellees' construction of the instant statute, and others of

similar import (See Chapter 20, Article 10, G. S. 1949), were to be upheld. It suffices to say that after a careful examination of G. S. 1949, 20-1020, even in the absence of judicial precedent, we would be forced to construe its plain and unequivocal language to mean that the September 1954 term of the district court of Rice County terminated on the day (January 3, 1955) preceding the date (January 4), on which the January 1955 term commenced. But this decision need not be placed entirely on the foregoing basis. Long ago this court indicated its view as to when a term of court expires under statutory provisions similar to those here involved. See *Keys v. Smallwood*, 152 Kan. 115, 117, 102 P. 2d 1001; *Hoffman v. Hoffman*, p. 650, *supra*; *Buchanan v. Lambdin*, pp. 63 & 64, *supra*, each definitely stating that the term of court therein involved ended on the last day preceding the day on which the next term commenced. These cases, and others heretofore cited, also hold in substance that after a new term of court commences judgments rendered at the preceding term cannot be meddled with, minimized, changed or affected in any respect except by order of a higher court in a properly appealed case or by the filing of a petition in the district court in conformity with the provisions of our code of civil procedure (G. S. 1949, 60-3005 and 60-3007).

For decisions from our sister state of Oklahoma which, because of the similarity of facts and statutes involved, are to be regarded as supporting precedents see *Boaz v. Martin*, 101 Okla. 243, 225 Pac. 516; *City of Duncan v. Abrams*, 171 Okla. 619, 624, 43 P. 2d 720.

In view of contentions advanced by appellees we deem it necessary to add that our decision on the point just determined holds true irrespective whether, as they suggest, a contrary custom with respect to the modification or vacation of judgments has been followed in the district court of Rice County. The jurisdiction and powers of the several courts of this state, and of the Judges thereof, are regulated by the Constitution and laws of the state. So far as district courts are concerned see Article 3, Sections 5 and 6 of our Constitution, and G. S. 1949, 20-301.

Since the conclusions, heretofore announced, require a reversal of the judgment and the setting aside of the district court's ruling of January 4, 1955, as well as its order and ruling of January 11, 1955, granting a new trial, the other specifications of error assigned by

appellants as grounds for reversal of the judgment are of little consequence and hence require no further discussion or attention.

Another contention advanced by appellees to the effect the district court on its own motion had power to grant a new trial, even after the term at which the judgment in question was rendered, need not be labored because it has been disposed of by what has been previously said with respect to the relief afforded litigants by the provisions of G. S. 1949, 60-3005 and 60-3007.

In conclusion, it should perhaps be stated, the equities of appellees' position as presented by their counsel have considerable appeal. Even so their existence does not permit us to fly in the face of the statute or make bad law in order to protect them.

The judgment is reversed with directions to set aside the ruling and order of January 4, 1955; the ruling and order of January 11, 1955; and reinstate the judgment rendered on December 13, 1954.